IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Santana Branan, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Midland Credit Management, Inc., | ) ) | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Santana Branan, is a natural person who resides in Dougherty County, Georgia.

2. Defendant, Midland Credit Management, Inc., is a corporation formed under the laws of the State of Kansas and registered to do business in Georgia.

1

Defendant may be served with process via its registered agent, Midland Funding, LLC, 260 Peachtree Street NW, Suite 2109, Atlanta, GA 30303.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in this division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of three credit cards, and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Midland is a collection agency specializing in the collection of consumer debt.

9. Defendant Midland uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant Midland manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant Midland is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant had attempted to collect alleged debts from Plaintiff by contacting Plaintiff.

13. Plaintiff called Defendant in July of 2025 because Plaintiff did not recognize the debt.

14. Defendant stated that if Plaintiff did not make payments, the accounts could cause a judgment could be entered against Plaintiff.

15. Defendant stated that Plaintiff could be subject to wage garnishment and a lien on her property.

16. There was no active lawsuit filed against Plaintiff at the time of the phone call.

17. Defendant's statements that a judgment could be entered against Plaintiff and lead to wage garnishments and property liens were designed to intimidate, abuse, and harass Plaintiff into making a payment on her accounts to Defendant.

18. Plaintiff suffered direct and particularized harm by Defendant's misrepresentations as Plaintiff suffered increase anxiety and worry about her wages being garnished and her property having a lien placed upon it.

19. Plaintiff was misled by Defendant's deceptive statements about the account and believed that she was subject to a court judgment even though no lawsuit had been filed against her.

20. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

21. Plaintiff took time to seek legal counsel about the statements made by Defendant in connection with the collection of a debt.

22. Plaintiff suffered anxiety, worry, and physical symptoms thereof as a result of Defendant's false and misleading statements.

## **INJURIES-IN-FACT**

23. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to

collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. Defendant are subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

27. Defendant's acts and omissions caused particularized harm to the Plaintiff in that he has suffered anxiety and worry and took time to discuss her debt with counsel.

28. Accordingly, through the suffering of actual damages and a violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

    a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

    b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

    c.) Anxiety and worry;

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

31. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

34. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

35. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36. Defendant's false and misleading representations about the legal status of Plaintiff's accounts were objectively false and/or materially misleading and a violation of 15 U.S.C. § 1692e, e(2)(A), e(8) and e(10) among others.

***Violations of 15 U.SC. § 1692f and its subparts***

37. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

38. Defendant's threats to collect court fees which had not been accrued were unfair and unconscionable.

39. Defendant's behavior violated 15 U.S.C. § 1692f and f(1).

40. As a result of Defendant's violations of the FDCPA, Defendant are liable to Plaintiff for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

41. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.)   General and exemplary damages pursuant to O.C.G.A. § 10-1-399(a);

e.)   Treble damages pursuant to O.C.G.A. § 10-1-399(c); and

f.)   Such other and further relief as may be just and proper.

Respectfully submitted this 11th day of February, 2026.

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324


*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 509
Londonderry, VT 05148
651-208-6441
chris.armor@armorlaw.com

*Plaintiff's Attorneys*